IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PARKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA DAILY NEWS, et al. | : | NO. 15-5267 |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                   **OCTOBER 6, 2015**

Plaintiff Jason Parker, a prisoner incarcerated at the State Correctional Institution at Frackville, brings this action against the Philadelphia Daily News, the Philadelphia Inquirer, Philly.com, and sixteen employees of the Philadelphia Daily News. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Parker leave to proceed *in forma pauperis* and dismiss his complaint.

Parker's claims are based on two articles published in the Philadelphia Daily News, which reported that he was held in contempt by a judge on the Court of Common Pleas for violating a court order and charged criminally for impersonating an attorney. Parker alleges that the defendants failed to interview him for those articles, defamed him, and violated his constitutional rights. The Court understands the complaint to be raising constitutional claims under 42 U.S.C. § 1983, and defamation claims under Pennsylvania law.

Parker is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As he is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

1

omitted). As Parker is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Parker's constitutional claims fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Parker is seeking damages and injunctive relief from a private news organization and its employees, rather than any state actors. Accordingly, § 1983 is inapplicable here.

The Court lacks subject matter jurisdiction over Parker's defamation claims. The only independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1] Here, it does not appear that the parties are diverse. Accordingly, the Court will dismiss Parker's defamation claims for lack of subject matter jurisdiction. If he seeks to pursue those claims, he should proceed in state court. An appropriate order follows, which shall be docketed separately.

---

[1] The Court declines to exercise supplemental jurisdiction, having dismissed Parker's federal claims.